**GROVE LABORATORIES, Inc.,**
Appellant,

v.

**The FLOWOOD CORPORATION,**
Appellee.

No. 15976.

United States Court of Appeals
Fifth Circuit.

June 8, 1956.

Charles Clark, Earl T. Thomas, Jackson, Miss., W. C. Wells, III, Jackson, Miss., Shepley, Kroeger, Fisse & Shepley, St. Louis, Mo., Wells, Thomas & Wells, Jackson, Miss., of counsel, for petitioner.

William E. Suddath, Jr., Watkins & Eager, Jackson, Miss., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and JONES, Circuit Judges.

**372**

HUTCHESON, Chief Judge.

Filed May 21, 1955, the suit was for Six thousand three hundred seventy-two and 28/100 dollars, allegedly due plaintiff from sums realized by defendant from sales of water made by it from a water well jointly owned by defendant and used by F. W. Fitch Manufacturing Company and Great Southern Box Company under the terms of a written agreement.[1]

The claim was: (1) that plaintiff by assignment from Fitch, dated June 24, 1949, had acquired all its right, title and interest in and to the agreement; (2) that defendant had made sales of water from said well to other persons in the vicinity and received payments therefor without accounting to plaintiff for its one-third thereof.

The defendant moved to dismiss for failure of the complaint to state a recoverable claim.

Admitting in its answer: the making of the contract; the drilling, equipping, and use of the well in accordance therewith; plaintiff's assignment from Fitch; and that it had received from Knox Glass Bottle Company, its lessee, $19,830.00 for water sold it for use on its premises from 1948 to 1952, it denied that plaintiff had breached its contract, and that it was indebted to it.

Thereafter plaintiff and defendant moved for summary judgment upon the complaint and exhibits, the answer and motion to dismiss, the admission of defendant that it had sold water from the well to and received payment therefor from its lessee, Knox, and affidavits[2] tendered by defendant. The district judge, declaring that, in reaching his judgment, he had considered the contract and all the circumstances surrounding its making, but had excluded from consideration all statements in the affidavits as to what the parties thought or intended the contract to mean, gave judgment for defendant, and plaintiff has appealed.

Appellant, urging upon us that the controlling provision of the contract is that

---

1. As pertinent here, the agreement, reciting the completion and equipment of the well for their joint benefit, at equal cost and to be held in equal ownership with provision for acquisition of ownership in the well by new purchasers of sites for business and industries, provided:

   "(1) Said deep water well, tower, tank, pump and all machinery and equipment in connection therewith shall be owned one-third each by the parties hereto, and each of the parties shall contribute one-third to the total cost thereof.

   "(2) Each party hereto shall have the right and privilege to water from said well without an additional cost.

   \* \* \* \* \*

   "(5) \* \* \*

   "It is further contemplated that the parties hereto may desire to furnish water to other persons or property in the vicinity of said well and in such an event any water thus supplied shall be paid for on such terms as the parties hereto, or successive owners interested in said well, as aforesaid, may agree upon, and any income from the sale of water to belong to the owners of said well in proportion to their respective interest.

   "(6) All expense incident to the opera-

   tion, upkeep, maintenance and repairs of said well, tower, tank, pump and equipment and all equipment in connection therewith to be contributed to equally by the owners thereof."

2. Of Fitch: that affiant knew and understood when the contract was made that Flowood was a real estate development corporation and that the only way Flowood could receive its share of the water was to make it available to tenants occupying buildings owned by it; that he knew Flowood was supplying water to Knox, and he did not know or care whether it was giving or selling it; that paragraph 5 was placed in the agreement for the purpose of taking care of some third party unrelated to the well and had no relation to Flowood buildings.

   Of Flowood's president: to substantially the same effect.

   Of Wise and Flood, officers of plaintiff: that plaintiff knew that Flowood was a real estate development operation and that Flowood might want water from the Fitch well as an inducement to any industry it might bring into the neighborhod; that during the time plaintiff owned an interest in the agreement, it never sold any water from the well and was not told that any one else had.

in paragraph five, note 1, supra, that the parties may desire to furnish water to other persons and on such terms as the parties may agree upon, and any income from the sale of the water to belong to the owners of said well in proportion to their respective interest, insists that the judgment does violence to the contract and must be reversed.

Appellee, on its part relying on clause one of the contract, that the well shall be owned one-third by each of the parties, and clause two, that "each party hereto shall have the right and privilege to water from said well without an additional cost", urges upon us: that clause five, upon which appellant relies, is wholly without application here; and that the judgment was right and should be affirmed.

We agree with appellee, that this is so. It would be difficult, we think, to make plainer than was done, that the right to each party to the contract to water from the well was not limited in any way except possibly to not taking more than its share. If the purpose had been to prevent either of the parties to the contract giving or selling its rightful share of the water, this could have been accomplished either by a prohibition against sale of the water by individual sales or by simply providing in clause two that the right accorded by it to water from the well was to be limited to the right to personally use it.

Absent such prohibition or express limitation, it is impossible to construe the contract as appellant asks us to do, as imposing an obligation on each of the parties to account to the others for moneys received for water taken from the well by it, or its authority, if perchance, instead of using the water or giving it away, it sells it.

Clause 5, on which plaintiff relies, has a clearly expressed and defined purpose to deal with joint sales. It does not, it cannot be made to apply to individual sales as here.

The judgment was right. It is affirmed.

RIVES, Circuit Judge (concurring specially).

While the well was owned one-third each by the parties to the contract, it appeared without dispute that the water therefrom was never metered, and I cannot say that each party's right to water was in any definite share, such as one-third of the total amount of water drawn from the well during any particular time. Rather, it seems to me, that each party's right to water was limited only by his reasonable requirements and by the exercise of a like right on the part of each other party. In other words, so long as the supply was ample, each party could take all of the water reasonably required. Nor do I think the contract susceptible of the construction that each party could sell "its rightful share of the water" to a person or persons not parties to the contract if such water was furnished for use on property not owned by one of the contracting parties. The provisions of clause 5 of the contract, however, I think, required a distribution of any income from sale of water only when the water was furnished "to other persons or property", not when the water was furnished to property owned, both when the contract was executed and when the water was furnished, by a party to the contract. I therefore concur specially.